UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRIAN TUITT,

                                    Petitioner,

               - against -

SUPERINTENDENT MARTUSCELLO,

                                    Respondent.
-------------------------------------------------------------------x

12-CV-1003 (CS) (PED)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

      Before the Court are Petitioner Brian Tuitt's Objections, filed September 4, 2013, (Doc. 54), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated August 2, 2013, (Doc. 53), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 2). Judge Davison found that the Petition was untimely and that Petitioner neither qualified for equitable tolling nor satisfied the actual innocence gateway that might excuse the delay. Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.      Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.

28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.  Discussion

    A.  Equitable Tolling

        1.  Derelictions of Trial Counsel

Petitioner objects first that Judge Davison, in declining to find Petitioner entitled to equitable tolling for his untimely Petition, did not appreciate that Petitioner's trial counsel failed to file a notice of appeal. (Objections 3-6.) To the contrary, the R&R acknowledges Petitioner's argument in this regard. (*See* R&R, at 17-18.) It is Petitioner who does not seem to appreciate that the issue here is not whether his trial counsel was asked to file a notice of appeal and failed to do so; rather, the issue is what, if anything, prevented *Petitioner* from filing a timely *habeas* petition. Trial counsel's alleged derelictions do not relate to, let alone justify, Petitioner's failure to file his *habeas* petition within the allotted time.

The cases Petitioner cites regarding counsel failures in the *habeas* context are inapposite. In *Restrepo v. Kelly*, 178 F.3d 634 (2d Cir. 1999), for example, the issue was whether trial counsel's alleged failure to file a notice of appeal, along with his false assurances to the petitioner that the appeal was in progress, could amount to cause for, and prejudice from, the procedural default of having failed to file a timely appeal in state court; the case did not discuss equitable tolling or have anything to do with the timeliness of a subsequent *habeas* petition. *Fleming v. Evans*, 481 F.3d 1249 (10th Cir. 2007), involved a situation in which *habeas* counsel allegedly affirmatively misled the petitioner into thinking his petition had been filed and was pending, and the petitioner, although making diligent inquiry, did not discover the deception

until after his time to file a *habeas* petition had run. Nothing similar is alleged here; indeed, Petitioner was aware that his trial counsel had not filed a notice of appeal at least as of May 2007, when he applied for leave to file a late notice, and nevertheless the instant Petition was not filed until January 2012. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (equitable tolling requires both extraordinary circumstances that prevented timely filing and diligent pursuit of rights); *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (requiring "reasonable diligence throughout the period [Petitioner] seeks to toll").

In short, it is not that Judge Davison did not know that egregious attorney misconduct can toll the limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996); rather, it is that Petitioner alleged no such misconduct in the approximately five-year period between learning that counsel had not filed a notice of appeal and filing the instant Petition, nor otherwise explained what prevented *him*, in the exercise of reasonable diligence, from timely filing the Petition.

Petitioner next argues that the R&R ignored that he received ineffective assistance of counsel at trial. (Objections 6-7.) Again, Judge Davison simply and correctly regarded that allegation irrelevant to the question at hand, which was whether the untimely filing of the Petition should be excused.

### 2. Mental Health

The next objection is that Judge Davison did not understand Petitioner's post-traumatic stress disorder ("PTSD"). (*Id*. 7.) To the contrary, Judge Davison carefully considered whether Petitioner's mental health condition might warrant equitable tolling of his time to file. (*See* R&R, at 14-17.) The Magistrate Judge recognized, however, that the documentation Petitioner submitted established neither that he suffered from PTSD for the entire period he sought to toll,

nor that the PTSD prevented him from timely filing.  *See, e.g.*, *Barrett v. United States*, No. 11-CV-1121, 2013 WL 4446546, at *3 (D. Conn. Aug. 20, 2013) (petitioner must allege not just existence of condition but also show that it rendered him unable to pursue his rights during relevant period); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (same).  The Magistrate Judge further noted that Petitioner had, during the 2007-2012 time frame, aggressively pursued his case in the state courts, suggesting that his PTSD did not prevent him from protecting his rights.  Accordingly, Judge Davison correctly found that Petitioner's mental health condition did not suffice to warrant equitable tolling.

      B.      <u>Actual Innocence</u>

Next, with respect to his claim that his untimely filing should be excused based on claimed actual innocence, Petitioner argues that the Magistrate Judge did not appreciate that his new evidence of innocence was compelling.  He argues that the victims described him receiving a call on his cellphone during the assault, but that the falsity of their testimony is proven, in large part, by his cellphone records.  Those records show no incoming call between 6:20 a.m. and 8:27 a.m., which he alleges must cover the time of the assault because the log at his workplace showed him signing out at 7:20 a.m. and back in at 8:20 a.m.  (*See* Objections 8-10.)

Petitioner's burden at this stage of his habeas proceeding is to present new credible evidence that renders it more likely than not that any reasonable juror would have a reasonable doubt (or, put differently, that no reasonable juror would convict).  *See Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012).  Such "credible new evidence" must "thoroughly undermine[] the evidence supporting the jury's verdict." *Id.* at 543.

Judge Davison correctly found that the evidence presented by Petitioner, including the phone records and log, did not meet that standard.  First, Petitioner's entire argument depends on

-5-

the assault having occurred before 8:20 a.m., which in turn depends on the accuracy of the page from the sign-in/out log at his workplace. (Doc. 49 Ex. 2.)  But that document was unauthenticated.  There was no explanation of where it had come from, how it was maintained, what procedures (if any) were in place to ensure its accuracy, or whether it had been altered.  Respondents pointed out this fact, (*see* Doc. 39, at 1-2), yet in his response Petitioner provided no information that would authenticate the log, (*see* Doc. 43).  That evidence is thus hardly credible, let alone sufficiently convincing as to likely raise a reasonable doubt in any reasonable juror.

        Second, it cannot be said that the new evidence "thoroughly undermines" the prosecution's case. *Rivas*, 687 F.3d at 543.  The call the victims remember could be the 8:27 a.m. call.  Even if the log is authentic and thus the call must have occurred before 8:20 a.m., it could be that the call the victims describe was on the hotel room phone, and the victims were simply mistaken about it being on his cellphone.  Petitioner may have had a second cellphone, the records for which have not been provided.  Or the victims could be entirely incorrect – and even part of a conspiracy to fabricate the detail about the phone call, as Petitioner implies – but a reasonable juror could nevertheless, in light of all the evidence, believe their testimony that Petitioner committed the charged assaults.  In short, Petitioner has not established that it is more likely than not that a reasonable juror would necessarily have a reasonable doubt.  Judge Davison thus correctly found that he had not surmounted the actual-innocence gateway to excuse his untimely filing.

        C.      <u>Procedural Issues</u>

        Petitioner argues that Judge Davison "failed to conduct any evidentiary hearing or to expand the record to verify or retrieve items." (Objections 15.)  Petitioner describes numerous

issues that he contends should have been the subject of a hearing, but many of them relate to the underlying merits of his claims and not to their timeliness. Because the petition was untimely, there was no need to reach the merits. To the extent Petitioner's desire for a hearing relates to his claim of actual innocence, he misconstrues the burden he carries in that regard. He says the hearing was required to "determine the validity of the phone logs and obtain more information including phone tower locations and expert witnesses if needed, [*sic*] police log and radio log for further verification." (*Id.*) But it is not the Court's role to gather evidence to excuse an untimely *habeas* filing; it is Petitioner who bears the burden of presenting credible evidence rendering it more likely than not that any reasonable juror would have a reasonable doubt as to his guilt.

Petitioner next objects to Judge Davison's recommendation that a Certificate of Appealability ("COA") not issue. (Objections 17.) I concur that Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore I will not issue a COA. As Petitioner notes, he has the right to seek one from the Court of Appeals.

Finally, Petitioner faults Judge Davison for reaching his decision "in a rush" while Petitioner was in transit between facilities during July 2013. (Objections 22, 24.) He may be trying to imply that he was not given an opportunity to be heard or that Judge Davison did not have time to give the matter adequate consideration. Either contention would be frivolous. Petitioner had more than ample opportunity to be heard; he filed at least 17 briefs, motions or other documents, (Docs. 18-20, 22, 24, 35, 40-47, 49-50), before the Magistrate Judge reached his decision. Indeed, by Order dated June 27, 2013, (Doc. 45), the Magistrate Judge indicated that he regarded the matter as fully submitted and that no further submissions would be accepted without leave of the Court. He issued his R&R five weeks later. It is thorough, comprehensive

and careful, and plainly shows that Judge Davison gave more than adequate consideration to Petitioner's case.[2]

Plaintiff has raised no other objections to the R&R. I have reviewed the portions of the R&R to which Petitioner has not objected, and find no error, clear or otherwise.

## Conclusion

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 3, 2013
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[2] Petitioner's "exhaustion"-based objection, (Objections 20-21), is unclear, and in any event irrelevant. The Magistrate Judge did not find a failure to exhaust on Petitioner's part.